**WEILAND GOLDEN GOODRICH LLP**
David M. Goodrich, State Bar No. 208675
dgoodrich@wgllp.com
Ryan W. Beall, State Bar No. 313774
rbeall@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone   714-966-1000
Facsimile    714-966-1002

Counsel for Debtor
Western Community Energy

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>WESTERN COMMUNITY ENERGY,<br><br>           Debtor. | Case No.: 6:21-bk-12821-SY<br><br>Chapter 9 |
| WESTERN COMMUNITY ENERGY,<br><br>           Plaintiff,<br>v.<br><br>SOUTHERN CALIFORNIA EDISON COMPANY, a California corporation, and DOES 1-20 INCLUSIVE,<br><br>           Defendants. | Adv. No.<br><br>**COMPLAINT:**<br><br>**(1) DECLARATORY RELIEF;**<br>**(2) ENFORCEMENT OF AUTOMATIC STAY; AND**<br>**(3) INJUNCTIVE RELIEF** |

Plaintiff Western Community Energy ("Plaintiff") hereby files this Complaint for: (1) Declaratory Relief, (2) Enforcement of Automatic Stay, and (3) Injunctive Relief ("Complaint") against Southern California Edison Company, a California corporation ("Defendant"), and DOES 1-20, inclusive and alleges that:

## STATEMENT OF JURISDICTION AND VENUE

1. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

2. The Bankruptcy Court has constitutional jurisdiction to enter a final judgment in this adversary proceeding.

3. Venue properly lies in this judicial district where the civil proceeding arises under title 11 of the United States Code as provided in 28 U.S.C. § 1409.

4. This adversary proceeding arises out of and relates to the case entitled *In re Western Community Energy,* Case No. 6:21-bk-12821-SY, filed on May 24, 2021, and currently pending in the United States Bankruptcy Court, Central District of California, Riverside Division.

5. This is an adversary proceeding for declaratory relief, enforcement of the automatic stay, and injunctive relief.

## STATEMENT OF STANDING

6. Plaintiff filed a Chapter 9 bankruptcy petition on May 24, 2021 ("Petition Date").

7. Plaintiff has standing to bring this action pursuant to 11 U.S.C. §§ 362, 901 and 922.

## PARTIES TO THE ACTION

8. Plaintiff, Western Community Energy, is the debtor in the Bankruptcy Case pending under chapter 9 of title 11 of the United States Code ("Bankruptcy Code").

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

9. Plaintiff is informed, believes, and alleges that Defendant Southern California Edison Company is a California corporation with its principal place of business in Rosemead, California.

10. The true names and capacities of Defendants sued herein as DOES 1 through 20, inclusive, are unknown to Plaintiff but may be claiming some right, title, estate, lien, or interest in the agreements described in this Complaint, and/or the monies owed to Plaintiff and customers of Plaintiff as described herein, and are, therefore, sued under such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the DOES 1 through 20 when ascertained. Plaintiff is informed and believes, and thereon alleges, that said fictitiously named Defendants may in some manner be responsible, in whole or in part, for the matters alleged herein.

## **GENERAL ALLEGATIONS**

11. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 10 as though fully set forth herein.

12. Plaintiff is a joint power authority pursuant to a Joint Powers Agreement effective August 23, 2018, between the City of Canyon Lake, City of Eastvale, City of Hemet, City of Jurupa Valley, City of Norco, City of Perris, and City of Wildomar (collectively, "Member Cities"), formed for the purpose of implementing a community choice aggregation program. Plaintiff's principal place of business is Riverside, California.

13. Plaintiff is informed, believes, and alleges that the Member Cities passed an ordinance opting its residents and businesses into Plaintiff's community choice aggregation program as retail electricity customers of Plaintiff ("Customers") in accordance with California Public Utilities Code § 366.2.

14. Plaintiff is informed, believes, and alleges that as a result of the Member Cities' ordinance opting the Customers into Plaintiff's community choice aggregation program, the Customers were transferred from Defendant to Plaintiff and that most of the Customers were customers of Plaintiff on the Petition Date.

15. On or about August 15, 2019, Plaintiff and Defendant entered into an *Agreement Between Southern California Edison Company and Western Community Energy Regarding WCE Implementation and Resource Adequacy Compliance for 2020, 2021 and 2022* ("RA Agreement").Plaintiff is informed, believes, and alleges that pursuant to the RA Agreement, Defendant is required to (1) satisfy the resource adequacy obligations of Plaintiff in exchange for payment from Plaintiff, and (2) transfer local resource adequacy resources to Plaintiff, which Plaintiff can use to satisfy local resource adequacy obligations on its own behalf, in exchange for payment from Plaintiff.

16. Pursuant to the RA Agreement, Defendant has the right to set off the Customer remittances against any payment due to Defendant under the RA Agreement that has been unpaid for sixty (60) days.

17. Defendant served Plaintiff with a notice of default under the RA Agreement and failure to cure on February 16, 2021. This notice of default related to Plaintiff's failure to pay for 2020 RA that was delivered by Defendant. Following such notice of default, Defendant required Plaintiff to prepay for 2021 RA on a monthly basis while discussions concerning a payment plan were ongoing. Plaintiff was unable to make the prepayment in May and SCE withheld RA that is necessary for regulatory compliance. The prepayments were made under protest because Plaintiff made a $4.5 million down payment for 2021 RA and Defendant holds a $4.5 million letter of credit for the remainder of the purchase price for the 2021 RA as required by the RA Agreement, so Plaintiff believes that Plaintiff has complied with the RA Agreement with respect to 2021 RA.

18. Defendant served Plaintiff with a *Notice of Termination of the [RA] Agreement* by letter on May 24, 2021, claiming that Plaintiff was in default under an *Edison Electric Institute Master Agreement* dated October 28, 2020 ("EEI Agreement"), and that such alleged "cross-default" permitted Defendant to terminate its performance under the RA Agreement and draw collateral to recover monies owed to Defendant. Plaintiff has posted funds in collateral in connection with the EEI Agreement and therefore

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

believes it is entitled to at least partial performance by Defendant with respect to delivery of RA.

19. The failure by Defendant to deliver RA to Plaintiff in May, 2021, has put Plaintiff in imminent danger of failing to meet its regulatory requirements with the CPUC, and the California Independent System Operator ("CAISO"), which will result in substantial penalties.

20. On or about February 26, 2019, the Plaintiff and Defendant entered into a *Community Choice Aggregator Agreement* ("CCA Agreement"). The CCA Agreement covers services provided by Defendant on behalf of Plaintiff as a community choice program. Plaintiff is informed, believes, and alleges that under the CCA Agreement, Defendant is required to bill and collect payments from Customers and tender the amounts collected to Plaintiff.

21. On February 13, 2020, Plaintiff, River City Bank, and various PPA Providers, including Defendant entered into an *Intercreditor and Collateral Agency Agreement* ("Intercreditor Agreement") and various other agreements relating to a "Lockbox Account" in the name of the Plaintiff serviced by River City Bank ("Lockbox Agreements").

22. Plaintiff is informed, believes, and alleges that pursuant to the CCA Agreement, the Intercreditor Agreement, RA Agreement, and other Lockbox Agreements Plaintiff's clients are to be billed by Defendant, who is to remit all collections billed by Defendant on behalf of Plaintiff to River City Bank to place in the Lockbox Account.

23. Plaintiff is informed, believes, and alleges that Defendant intends to remit all collections billed by Defendant on behalf of Plaintiff to River City Bank to place in the Lockbox Account.

24. Plaintiff is informed, believes, and alleges that pursuant to the CCA Agreement, Defendant maintains a billing system on behalf of Plaintiff and sends monthly invoices to Plaintiff's Customers for its generation charges and collects Plaintiff's remittances and passes them through to Plaintiff.

25.	Plaintiff is informed, believes, and alleges that Defendant has no legal or equitable right to any money received from the Customers.

26.	Plaintiff is informed, believes, and alleges that Defendant maintains a tariff governing its service with Plaintiff as a community choice aggregation program.

27.	Plaintiff is informed, believes, and alleges that Defendant may seek to apply its tariff after the Petition Date.

28.	Plaintiff is informed, believes, and alleges that Defendant can seek a return of the Customers to Defendant's services if (1) Defendant obtains information from the CAISO or that Plaintiff can no longer serve the Customers, or (2) Defendant files an application with the California Public Utilities Commission ("CPUC") for a return of the Customers under exigent circumstances.

29.	Plaintiff is informed, believes, and alleges that the CCA Agreement authorizes Defendant to terminate the agreement in the event Plaintiff files for bankruptcy.

30.	Plaintiff is informed, believes, and alleges that if the CCA Agreement is terminated, Defendant can seek a return of Customers.

31.	Plaintiff is informed, believes, and alleges that Defendant will unilaterally seek a return of the Customers to Defendant for service or seek an order from CPUC returning the Customers to Defendant, which will terminate all revenue collected by Plaintiff.

32.	Plaintiff is informed, believes, and alleges that Defendant may disregard the automatic stay that applies to all bankruptcy proceedings in enforcing the RA Agreement and the CCA Agreement.

## FIRST CLAIM FOR RELIEF

### (For Declaratory Relief)

33.	Plaintiff incorporates each and every allegation contained in paragraphs 1 through 32, inclusive, as though fully set forth herein.

34.	Plaintiff is informed, believes, and alleges that Defendant contends, or may contend, the RA Agreement and the EEI Agreement are future commodities contracts

thereby providing an exception under 11 U.S.C. § 362(b)(6) to the automatic stay of 11 U.S.C. § 362(a).

35. Plaintiff contends the RA Agreement and CCA Agreement are not future commodities contracts and that while the EEI Agreement may fall under the exception, Plaintiff has partially performed under the EEI Agreement.

36. An actual controversy has arisen and now exists between Plaintiff and Defendant regarding the automatic stay and the exception provided under 11 U.S.C. § 362(b)(6).

37. A declaratory judgment is necessary and appropriate at this time in that Plaintiff denies and Defendant contends that the RA Agreement and CCA Agreements are future commodities contracts.

38. A declaratory judgement is necessary and appropriate at this time to require Defendant to deliver RA under the RA Agreement and the EEI Agreement that Plaintiff has paid for and is necessary for Plaintiff to meet its regulatory obligations as it continues operations.

39. Plaintiff is further informed, believes, and alleges that Defendant may apply a tariff on energy resources transferred to Plaintiff notwithstanding the issuance of the automatic stay.

40. Plaintiff contends that any attempt to apply a tariff after the Petition Date is a violation of the automatic stay and void *ab initio* notwithstanding any California law, rule or regulation to the contrary.

41. An actual controversy has arisen and now exists between Plaintiff and Defendant regarding the applicability of the automatic stay to any attempt of Defendant to apply a tariff after the Petition Date.

42. A declaratory judgment is necessary and appropriate at this time in that Plaintiff contends the automatic stay enjoins Defendant from applying a tariff.

43. Plaintiff is further informed, believes, and alleges that Defendant claims it has a right to seek a return of the Customers to Defendant notwithstanding the issuance

of the automatic stay and that the automatic stay does not expressly or implicitly preempt California law, rule or regulation governing the return of retail electricity customers from a community choice aggregate programs.

44.  Plaintiff contends any attempt to return the Customers to Plaintiff after the Petition Date is a violation of the automatic stay and void *ab initio* notwithstanding any California law, rule or regulation to the contrary.

45.  An actual controversy has arisen and now exists between Plaintiff and Defendant regarding the applicability of the automatic stay to any attempt of Defendant to seek a return of the Customers.

46.  A declaratory judgment is necessary and appropriate at this time in that Plaintiff contends the automatic stay enjoins Defendant from pursuing a return of the Customers to Defendant and Defendant disputes Plaintiff's contention.

47.  Plaintiff is further informed, believes, and alleges that Defendant may seek to set off or withhold remittances received by Defendant from the Customers and/or exercise self-help rights by setting off money owed against a $147,000 security deposit.

48.  Plaintiff contends any withholding of remittances from the Customers or exercising set off rights is a violation of the automatic stay.

49.  An actual controversy has arisen and now exists between Plaintiff and Defendant regarding the applicability of the automatic stay to remittances received from the Customers and set off rights, if any, of Defendants.

50.  A declaratory judgment is necessary and appropriate at this time in that Plaintiff contends the automatic stay enjoins Defendant from retaining any remittances received from the Customers and/or exercising any self-help right of set off.

51.  Plaintiff is further informed, believes, and alleges that Defendant will remit all collections made by Defendant on behalf of Plaintiff to River City Bank for deposit to the Lockbox Account.

52.  Plaintiff contends that the remittance of Defendant's funds to River City Bank is a violation of the automatic stay.

53. An actual controversy has arisen and now exists between Plaintiff and Defendant regarding the applicability of the automatic stay to remittance of Defendant's funds to River City Bank.

54. A declaratory judgment is necessary and appropriate at this time in that Plaintiff contends the automatic stay enjoins Defendant from remitting Defendant's funds to River City Bank.

55. Plaintiff therefore requests a declaratory judgment that (a) the RA Agreement and CCA Agreement are not future commodities contracts, (b) the automatic stay enjoins (1) any attempt of Defendant to apply a tariff after the Petition Date, (2) any act of Defendant to seek a return of the Customers to Defendant, (3) any act to withhold Customer remittances and/or exercising any self-help right of setoff, and (4) any act to remit Defendant's funds to River City Bank.

## SECOND CLAIM FOR RELIEF

### (For Enforcement of Automatic Stay)

56. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 55, inclusive, as though fully set forth herein.

57. Section 362(a) of the Bankruptcy Code states:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, … , operates as a stay, applicable to all entities of – …
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

58. 11 U.S.C. § 901 specifically incorporates § 362 in its entirety in chapter 9 bankruptcy cases.

59. 11 U.S.C. § 902 explains that "property of the estate" used elsewhere in the code should mean "property of the debtor" in bankruptcy filings under chapter 9 of the Bankruptcy Code.

60. Plaintiff is informed, believes, and alleges that the automatic stay pursuant to §§ 362 and 922 of the Bankruptcy Code are applicable to the RA Agreement and CCA

Agreement and Defendant can take no action under the either agreement that is in violation of the automatic stay.

61. Plaintiff is informed, believes, and alleges that recovering the Customers for itself and withholding payments from the Customers to Plaintiff would both constitute violations of the automatic stay for exercising control over property of Plaintiff.

62. Plaintiff is further informed, believes, and alleges that the remittance of Defendant's funds to River City Bank would constitute a violation of the automatic stay for exercising control over property of the Plaintiff.

63. Plaintiff is informed, believes, and alleges that Defendant's partaking in such actions would constitute a willful violation of the automatic stay and would be subject to attorneys' fees and punitive damages as contemplated by 11 U.S.C. § 362(k).

## **THIRD CLAIM FOR RELIEF**

### **(Injunctive Relief)**

64. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 63, inclusive, as though fully set forth herein.

65. Plaintiff seeks an order enjoining Defendant fromr (a) recovering the Customers for itself, (b) withholding remittances received by Defendant from the Customers, and (c) remitting amounts billed on behalf of Plaintiff to River City Bank.

66. Money damages will not be adequate and there exists no adequate remedy at law since once the Customers have been enrolled with Defendant, there is no feasible method to return the Customers to Plaintiff.

67. Plaintiff is threatened with irreparable harm if Defendant either recovers the Customers, withholds payment to Plaintiff, or remits Plaintiff's funds to River City Bank for deposit in the Lockbox Account. Plaintiff is owed significant money from the remittances that are sent to Defendant from the Customers and the loss of some or all of the Customers will likely be permanent and irreplaceable pursuant to the method and strategy contemplated by Defendant. Furthermore, Plaintiff does not have the ability to continue operating without receiving remittances from the Customers.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

68. Plaintiff is informed, believes, and alleges that the hardship imposed on Defendant by such an injunction would be minimal and any harm suffered by Defendant by such an injunction could be remedied by a simple money judgment.

69. Plaintiff is informed, believes, and alleges that it is in the public interest to preserve Plaintiff's ability to operate by not allowing Defendant to seize some or all of the Customers and/or remittances paid by the Customers until this issue is resolved as the principles of equity requires that a true determination of the issues occur prior to Defendant's actions which will undoubtedly destroy any chance of Plaintiff's adjustment of debt and continued operation.

70. Plaintiff therefore demands an injunction enjoining Defendant from either (a) recovering the Customers, or (b) withholding funds from the Customers pursuant to CCA Agreement, until the issues are resolved.

**WHEREFORE**, Plaintiff prays that this Court enter a judgment against Defendant as follows:

### On the First Claim for Relief

1. For declaration and judgment that the RA Agreement and CCA Agreement are not future commodities contracts.

2. For declaration and judgment that Defendant must continue to deliver RA under the RA Agreement.

3. For declaration and judgment that Defendant must deliver RA under the EEI Agreement to the extent that Plaintiff has posted collateral to pay for such RA.

4. For declaration and judgment that the automatic stay enjoins any attempt of Defendant to apply a tariff after the Petition Date.

5. For declaration and judgment that the automatic stay enjoins any act of Defendant to seek a return of the Customers to Defendant.

6. For declaration and judgment that the automatic stay enjoins any act to withhold Customer remittances and/or exercise any set off rights.

7. For declaration and judgment that the automatic stay enjoins any act of

Defendant to remit Plaintiff's funds to River City Bank for deposit in the Lockbox Account.

**On the Second Claim for Relief**

8. For judgment enforcing the automatic stay pursuant to 11 U.S.C. §§ 362 and 922 specifically with respect to Defendant's attempt to recover Customers for itself, withholding remittances delivered by the Customers to Defendant, or remitting funds collected by Defendant to River City Bank for deposit in the Lockbox Account.

**On the Third Claim for Relief**

9. For judgment enjoining Defendant from taking any action to (a) recover any Customers from Plaintiff, (b) withhold remittances received by Defendant from the Customers, until the issues alleged herein are resolved, and (c) remit funds collected by Defendant owed to Plaintiff to River City Bank for deposit in the Lockbox Account.

**On all Claims for Relief**

10. For judgment awarding attorney's fees and costs to Plaintiff;

11. For judgment awarding such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: May 28, 2021    WEILAND GOLDEN GOODRICH LLP

By: /s/ *David M. Goodrich*
DAVID M. GOODRICH
RYAN W. BEALL
Counsel for Chapter 9 Debtor
Western Community Energy

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Western Community Energy | **DEFENDANTS**<br>Southern California Edison Company<br>Does 1-20 |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Weiland Golden Goodrich LLP (714) 966-100<br>650 Town Center Dr., Ste. 600, Costa Mesa, CA 92656 | **ATTORNEYS** (If Known)<br>Munger, Tolles & Olson LLP   (213) 683-9554<br>350 S. Grand Ave., Los Angeles, CA 90071 |
| **PARTY** (Check One Box Only)<br>☒ Debtor         ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor         ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor      ☐ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>(1) Declaratory Relief; (2) Enforcement of Automatic Stay; and (3) Injunctive Relief | |

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☒ 71-Injunctive relief – imposition of stay [2]
☒ 72-Injunctive relief – other [3]

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment [1]

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Western Community Energy | BANKRUPTCY CASE NO.<br>6:21-bk-12821-SY |||
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Riverside || NAME OF JUDGE<br>Scott Yun |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ David M. Goodrich ||||
| DATE<br>5/28/2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>David M. Goodrich |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.