**WEILAND GOLDEN GOODRICH LLP**
David M. Goodrich, State Bar No. 208675
dgoodrich@wgllp.com
Ryan W. Beall, State Bar No. 313774
rbeall@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone   714-966-1000
Facsimile   714-966-1002

Counsel for Debtor
Western Community Energy

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>WESTERN COMMUNITY ENERGY,<br><br>       Debtor. | Case No. 6:21-bk-12821-SY<br><br>Chapter 9 |
| WESTERN COMMUNITY ENERGY,<br><br>            Plaintiff,<br>   v.<br><br>SOUTHERN CALIFORNIA EDISON COMPANY, a California corporation, and DOES 1-20 INCLUSIVE,<br><br>            Defendants. | Adv. No. 6:21-ap-01068-SY<br><br>**DEBTOR'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Date:   June 1, 2021<br>Time:  1:30 p.m.<br>Place:  3420 Twelfth Street<br>          Courtroom 302<br>          Riverside, CA 92501 |

1327980.1                                                                                     MOTION FOR ISSUANCE OF TRO

**TO THE HONORABLE SCOTT H. YUN, UNITED STATES BANKRUPTCY JUDGE, DEFENDANT SOUTHERN CALIFORNIA EDISON COMPANY, AND ALL OTHER PARTIES-IN-INTEREST:**

Plaintiff Western Community Energy ("Debtor" or "Plaintiff"), debtor in the above-captioned chapter 9 bankruptcy case, submits this memorandum of points and authorities in support of its Application for Temporary Restraining Order ("Application").

## I.  A TEMPORARY RESTRAINING ORDER IS WARRANTED

Preliminary injunctive relief is proper where, as here, the movant shows (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The legal standards in the Ninth Circuit for the granting of a temporary restraining order or a preliminary injunction are identical. *See Rinard v. Positive Invs., Inc. (In re Rinard)*, 451 B.R. 12, 21-22 (Bankr. C.D. Cal. 2011); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 (9th Cir. Cal. 2001) (where Court observed that the analysis of granting a preliminary injunction compared to a temporary restraining order are "substantially identical"). The evaluation of each of the four factors is not a separate inquiry, but rather should be viewed on a "sliding scale." *Hernandez v. Downey S&L Ass'n*, 2009 U.S. Dist. LEXIS 21495, 6.  Accordingly, courts are not required to lend equal weight to each factor.

### A.  Strong Likelihood of Success on the Merits

In order to obtain a temporary restraining order, the moving party must show that there is a strong likelihood of success on the merits. *See Owner-Operator Ind. Drivers Ass'n v. Swift Transp. Co.*, 367 F.3d 1108, 1111 (9th Cir. 2004); *see generally Hernandez v. Downey S&L Ass'n*, 2009 U.S. Dist. LEXIS 21495 (S.D. Cal. Mar. 17, 2009); *Rinard*, 451 B.R. at 22.

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

### 1. The Agreement is Not a "Commodities Contract" Pursuant to 11 U.S.C. §§ 556 and 761

Section 556 of the Bankruptcy Code states:

> The contractual right of a commodity broker, financial participant, or forward contract merchant to cause the liquidation, termination, or acceleration of a commodity contract, as defined in section 761 of this title, or forward contract because of a condition of the kind specified in section 365(e)(1) of this title, and the right to a variation or maintenance margin payment received from a trustee with respect to open commodity contracts or forward contracts, shall not be stayed, avoided, or otherwise limited by operation of any provision of this title or by the order of a court in any proceeding under this title. . .

Therefore, pursuant to § 556, a "commodity broker, financial participant, or forward contract merchant" have the rights afforded to them to liquidate, terminate, or accelerate their "commodity contract" against a debtor in bankruptcy.

Section 761(4) of the Bankruptcy Code defines "commodity contract." *See* 11 U.S.C. § 761(4)(A)-(J). The agreements at issue here do not fall within any of the definitions for a "commodity contract" pursuant to § 761.

SCE is not a "futures commission merchant" or a "clearing organization" as defined in the Commodity Exchange Act under the agreements, nor are the agreements subject to the rules of a contract market or board of trade. *See* 11 U.S.C. §§ 761(4)(A) and (D). The agreements do not relate in any way to a foreign futures commissions merchant or a foreign future, nor do they relate to a leverage transaction merchant or a leverage transaction. *See* 11 U.S.C. §§ 761(4)(B) and (C). The agreements do not in any way mirror or bear significant similarities to any of the contracts referenced above. *See* 11 U.S.C. §§ 761(4)(F), (G), and (H). No master agreement exists that contains the type of "commodity contract" defined in § 761(4)(A). *See* 11 U.S.C. § 761(4)(I). As no "commodities contract" exists between the Debtor and SCE, § 761(4)(J) is equally inapplicable.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

As a result, the agreements are not "commodities contracts" pursuant to § 761 and SCE is not entitled to the protection of § 556 for actions taken on the agreements now that the Debtor has filed its bankruptcy petition. Therefore, the automatic stay provisions of 11 U.S.C. §§ 362 and 922 apply and are effective with respect to the agreements, and any actions taken pursuant to SCE's rights and powers under the agreements are violations of the automatic stay to the extent they implicate the types of prohibited actions outlined in §§ 362 and 922.

### 2. Bankruptcy Court Jurisdiction Preempts the Parties' Respective Contractual Rights

SCE is not protected from taking the actions contemplated herein by relying upon its rights and powers under the agreements and such related authority from California governmental authorities, as such actions are prohibited by the Bankruptcy Code's automatic stay (*see supra*). The authority, such that it exists, enabling SCE to take such actions under the agreements is impliedly preempted by the Bankruptcy Code.

In order for a state law to be preempted based upon implied conflict, there must be an actual conflict between state and federal law or it must be impossible for both state and federal law to apply. *Pacific Gas & Elec. Co.*, 461 U.S. 190, 203-204 (1983). SCE has the authority to take the actions contemplated herein through the agreements that arose as a result of the California Public Utilities Commission's ("CPUC") authority. However, such actions are in plain and direct contradiction of the Bankruptcy Code's automatic stay.

While the agreements, and the authority upon which they are based, allow for SCE to (1) withhold Resource Adequacy for non-payment from Debtor, (2) withhold funds due to Debtor from Debtor's customers, (3) apply a tariff on energy resources transferred to Debtor, (4) drain, offset, or otherwise dispose of $147,000 security on deposit from Debtor, and (5) transfer customers from Debtor to SCE, each of these actions is directly unauthorized and improper pursuant to 11 U.S.C. §§ 362 and 922. As a result, there is a direct conflict between the automatic stay and the rights of SCE pursuant to the agreements. Nor is this especially uncommon. Contractual rights, even those arising from

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

state statutes, are preempted by the Bankruptcy Code. Therefore the authority for SCE to take the actions contemplated herein is preempted by the Bankruptcy Code, specifically the automatic stay provisions of §§ 362 and 922, and as a result, SCE is not entitled to rely upon its contractual rights under the agreements in violation of the plain terms of the Bankruptcy Code.

### 3. The Automatic Stay Applies to Prohibit SCE's Contemplated Actions

As stated above, on May 24, 2021, SCE served Debtor with a *Notice of Termination* of the *Agreement Between Southern California Edison Company and Western Community Energy Regarding WCE Implementation and Resource Adequacy Compliance for 2020, 2021 and 2022* ("RA Agreement"), informing Debtor that SCE would was terminating its performance under the RA Agreement and drawing collateral to recover monies owed to SCE, essentially informing Debtor that it intended to (1) withhold Resource Adequacy for non-payment from Debtor, (2) withhold funds due to Debtor from Debtor's customers, (3) remit all collections billed by SCE on behalf of Plaintiff to River City Bank to place in the Lockbox Account, (4) apply a tariff on energy resources transferred to Debtor, (5) drain, offset, or otherwise dispose of $147,000 security on deposit from Debtor, and (6) transfer customers from Debtor to SCE.

Each of these actions implicates the Bankruptcy Code's automatic stay provisions pursuant to §§ 362 and 922. Section 362 states that the automatic stay is applicable against "(a)… (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; (4) any act to create, perfect, or enforce any lien against property of the estate; … (6) any act to collect, asses, or recover a claim against the debtor that arose before the commencement of the case under this title; (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor…"

Although there is no "estate" in chapter 9 bankruptcies, 11 U.S.C. § 902(1) states that "'property of the estate', when used in a section that is made applicable in a case

under this chapter by section 103(e) or 901 of this title, means property of the debtor…" Section 901 of the Bankruptcy Code specifically incorporates § 362 in chapter 9 bankruptcies. Therefore, each of the sections in § 362(a) that reference "property of the estate" are rewritten in chapter 9 to reference "property of the debtor."

The projected actions of SCE violate the automatic stay. Any action taken to withhold and/or setoff funds owed to Debtor against funds owed to SCE from Debtor would violate §§ 362(a)(4), (6), and/or (7). Any action taken with respect to retain the Debtor's customers would be a violation of § 362(a)(3) as the transfer of customers from Debtor to SCE would come as a result of the enforcement of the agreements alone, rather than from the customers' decision or knowledge. Finally, the remittance of funds collected by SCE on behalf of Debtor to River City Bank for deposit in the Lockbox Account would violate the automatic stay as an act to take control over property of the Debtor. Thus, such action would be an act to obtain possession of property of Debtor, in the form of its customers, and would be violative of the automatic stay.

As a result, the automatic stay is applicable with respect to each of the actions sought to be enjoined by the Debtor.

**B.** **Irreparable Injury Will Be Suffered by Debtor if an Injunction is Not Issued**

The second factor to be considered by the Court in determining if an injunction would issue is the likelihood of irreparable injury to movants if the injunction is not granted. *See Owner-Operator Ind. Drivers Ass'n v. Swift Transp. Co.*, 367 F.3d 1108, 1111 (9th Cir. 2004); *see generally Hernandez v. Downey S&L Ass'n*, 2009 U.S. Dist. LEXIS 21495 (S.D. Cal. Mar. 17, 2009); *Rinard*, 451 B.R. at 22. A temporary restraining order or preliminary injunction "may only be granted when the moving party has demonstrated a significant threat of irreparable injury." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 725 (9th Cir. 1999). The threat of harm must also be imminent. *Hernandez v. Downey S&L Ass'n*, 2009 U.S. Dist. LEXIS 21495 at 26.

1       If SCE takes the actions contemplated in this Application, Debtor will no longer be
2 able to operate, and as a result, will suffer irreparable injury. The end result of the actions
3 contemplated by SCE will result in SCE taking Debtor's customers, refusing to turn over
4 funds from Debtor's customers to Debtor, and withholding or offsetting other funds on
5 hand that Debtor has an interest in. No money judgment or monetary award can put the
6 Debtor back to its current position after such actions are taken. Debtor will be forced to
7 cease operations and essentially liquidate, to the detriment of Debtor and its creditors.
8 Furthermore, the threat of such actions is imminent in light of SCE's *Notice of Termination*
9 *of the Agreement* sent to Debtor on May 24, 2021, informing Debtor that SCE is
10 terminating its performance under the RA Agreement and drawing collateral to recover
11 monies owed to SCE. As a result, Debtor will suffer irreparable injury, *i.e.* injury that could
12 not be remedied through a money judgment.

13       **C.    The Balancing of Hardships Favors Debtor**

14       In balancing the hardships to the movant compared to the respondent, the court
15 must find that the balance weighs in favor of the moving party. *See Owner-Operator Ind.*
16 *Drivers Ass'n v. Swift Transp. Co.*, 367 F.3d 1108, 1111 (9th Cir. 2004); *see generally*
17 *Hernandez v. Downey S&L Ass'n*, 2009 U.S. Dist. LEXIS 21495 (S.D. Cal. Mar. 17, 2009);
18 *Rinard*, 451 B.R. at 22.

19       As explained in the preceding section, the Debtor will suffer irreparable injury if
20 SCE took the actions contemplated in this Application, and SCE has served notice on the
21 Debtor of intention to take such actions imminently. As a result, absent an order enjoining
22 SCE from taking such actions, Debtor will suffer the irreparable injury of having to cease
23 its operations and close its doors.

24       On the other hand, SCE will not suffer significant harm if enjoined from taking such
25 actions. SCE will still hold the funds which it intends to offset or redistribute which belong
26 to Debtor and upon a default in services to its customers by Debtor, Debtor's customers
27 will return to SCE for service. Any additional damages that SCE could suffer could be
28 remedied with a money judgment if the preliminary injunction is ultimately dissolved.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

As a result, the balance of hardships is in favor of issuing a preliminary injunction in favor of Debtor in order to maintain the status quo during the pendency of this proceeding.

### D. Advance of Public Interest Favors Granting the Injunction

Generally, unless a court determines that there exists a public interest in either the granting or denial of an injunction, courts do not need to consider this particular factor. *In re Rinard*, 451 B.R. at 30-31. However, courts have held that the interests of creditors in a bankruptcy estate are the equivalent of the "public interest" factor in determining whether to grant an injunction. *See In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 861 (6th Cir. Ohio 1992); *In re Nat'l Century Fin. Enters.*, 289 B.R. 873, 879 (Bankr. S.D. Ohio 2003).

Here, the public interest weighs in favor of keeping Debtor's business in operation in order to allow the Debtor to negotiate with its creditors and fund a plan of adjustment of debts, which necessitates the issuing of the injunction sought by this Application. Without an injunction prohibiting those actions contemplated by this Application, Debtor will be forced to cease its operations and will be deprived of an opportunity to propose a viable plan of adjustment. Such a result will leave Debtor's creditors with essentially no distribution from this bankruptcy case. The best interests of the creditors of Debtor should be considered in protecting the property of Debtor that could produce funds for distribution by Debtor. Additionally, the Bankruptcy Code's automatic stay would essentially be toothless in this situation where SCE's intentional violation of the automatic stay to pursue the actions contemplated in this Application would not allow Debtor to seek any meaningful relief. Finally, the Debtor's customers may be forced to pay a penalty for transitioning to SCE if the Debtor is unable to provide services. As a result, the public interest weighs in favor of granting the injunction.

### II. CONCLUSION

For the foregoing reasons, Debtor requests the following relief:

1. Issuance of a temporary restraining order, in substantially the form of order filed concurrently herewith, granting the relief requested in this Application, and enjoining

1  SCE, and any agent, employee, subsidiary, equity holder or other affiliate from (1)

2  withholding Resource Adequacy for non-payment from Debtor, (2) withholding funds due

3  to Debtor from Debtor's customers, (3) remitting all collections billed by SCE on behalf of

4  Debtor to River City Bank to place in the Lockbox Account, (4) applying a tariff on energy

5  resources transferred to Debtor, (5) draining, offsetting, or otherwise disposing of

6  $147,000 security on deposit from Debtor, and (6) transferring customers from Debtor to

7  SCE, until this proceeding is adjudicated to finality;

8      2.    Issuance of an order to show cause why a permanent injunction should not

9  be entered against SCE prohibiting it from (1) withholding Resource Adequacy for non-

10  payment from Debtor, (2) withholding funds due to Debtor from Debtor's customers, (3)

11  remitting all collections billed by SCE on behalf of Debtor to River City Bank to place in the

12  Lockbox Account, (4) applying a tariff on energy resources transferred to Debtor, (5)

13  draining, offsetting, or otherwise disposing of $147,000 security on deposit from Debtor,

14  and (6) transferring customers from Debtor to SCE; and

15      3.    For any other relief the Court deems proper.

16                      Respectfully submitted,

17  Dated: May 28, 2021          WEILAND GOLDEN GOODRICH LLP

19                      By: /s/ *David M. Goodrich*
20                          DAVID M. GOODRICH
                        RYAN W. BEALL
21                          Counsel for Chapter 9 Debtor
                        Western Community Energy

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**650 Town Center Drive, Suite 600
Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): Debtor's Memorandum of Points and Authorities in Support of Application for Temporary Restraining Order will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 28, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

David M Goodrich    dgoodrich@wgllp.com, kadele@wgllp.com;lbracken@wgllp.com;wggllp@ecf.courtdrive.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) May 28, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) May 28, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/28/2021 | Lindsay Bracken | *(signature)* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                               **F 9013-3.1.PROOF.SERVICE**

**SERVED BY E-MAIL**:
UST – Everett Green (Everett.l.green@usdoj.gov)
Southern California Edison counsel – Seth Goldman (seth.goldman@mto.com)
River City Bank's Counsel – Tom Mouzes etc. (tmouzes@boutinjones.com; mgorton@boutinjones.com; bahmad@boutinjones.com)Elk Hills Powers' counsel – Valerie Bantner Peo (vbantnerpeo@buchalter.com)
BP Energy Company – Andrea Lewis (andrea.lewis@bp.com)
Calpine Energy Solutions – Josh Brock (josh.brock@calpinesolutions.com)
OhmConnect, Inc. – Matt Duesterberg (finance@ohmconnect.com)
Pacific Gas and Electric Company – Ted Yura (ted.yura@pge.com)
TransAlta – contractadmin@transalta.com
Pilot Power Group, Inc. – Denis Vermette (dvermette@edms-llc.com; mwinthrop@winthropcouchot.com)
Andrew Ruiz - aruiz@wrcog.us
Glen Price - Glen.Price@bbklaw.com
Ryan Baron - Ryan.Baron@bbklaw.com

**SERVED BY OVERNIGHT MAIL**:
Honorable Scott H. Yun
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 345 / Courtroom 302
Riverside, CA 92501-3819

Southern California Edison
Energy Contract Management
2244 Walnut Grove Ave.
Rosemead, CA 91770

Barclays Bank PLC
1301 6th Ave.
NY, NY 10019

NRG Power Marketing LLC
Attn: Managing Member
804 Carnegie Center
Princeton, NJ 08540

Nextera Energy Marketing, LLC
700 Universe Blvd.
North Palm Beach, FL 33408

Morgan Stanley Capital Group
Attn: Commodities Dept.
1585 Broadway, 3rd Floor
New York, NY 10036

PFM Financial Advisors, LLC
Attn: Managing Member
601 S. Figueroa St., Suite 4500
Los Angeles, CA 90017

Pioneer Community Energy
804 Carnegie Ctr.
Princeton, NJ 08540

Shell Energy North America (USA)
1000 Main Street, Level 12
Houston, TX 77002

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                    **F 9013-3.1.PROOF.SERVICE**